IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MIGUEL HERNANDEZ-VALDEZ,

    Petitioner,

v.                                                              Civ. 12-cv-160 LH/RHS
                                                              Cr. 10-3096 LH

UNITED STATES OF AMERICA,

    Respondent.

**MAGISTRATE JUDGE'S PROPOSED FINDINGS
AND RECOMMENDED DISPOSITION**

THIS MATTER comes before the Court on Petitioner Miguel Hernandez-Valdez's *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct a Sentence By A Person in State Custody filed February 21, 2012 (Doc. 1).  Petitioner filed his Motion attacking the sentence entered by the United States District Court for the District of New Mexico in <u>United States of America v. Miguel Hernandez-Valdez</u>, No. CR 10-3096 LH.  The United States of America ("Respondent") filed its Response on March 22, 2012 (Doc. 5).  Petitioner failed to file a Reply and the deadline for doing so has passed.  After review of the Motion, Response, documents submitted for judicial review and the relevant authorities, it is recommended that the Motion be denied and the case dismissed with prejudice.

**FACTUAL AND PROCEDURAL BACKGROUND**

Petitioner is a citizen of the Republic of Mexico who was present in the United States illegally (Presentence Investigation Report (PSR at 1).  On February 2, 2011, Petitioner appeared before the United States Magistrate Judge to plead guilty to a one-count indictment charging him with being an Alien in Possession of a Firearm and Ammunition in violation of 18 U.S.C. §§

922(g)(5) and 924 (a)(2). Petitioner is a native Spanish speaker. An interpreter was utilized for translation at the plea hearing (Plea Hearing (PH) 2/2/2011, 11:32:26)[1]. Petitioner was represented by court-appointed counsel in the underlying criminal proceeding and subsequent appeal (Cr. 10-3096). Petitioner entered into his guilty plea without a written plea agreement (Cr. 10-3096). He did not orally waive his appeal rights at the time his plea of guilty was accepted by the United States Magistrate Judge.

The United States Probation Office prepared a Presentence Investigation Report ("PSR") which was published to the Court and Petitioner on March 17, 2011. According to the PSR, the guideline range for Petitioner's offense was ten (10) years imprisonment (PSR at 13). Petitioner received a four-level enhancement pursuant to United States Sentencing Guideline ("U.S.S.G.") § 2K2.1 (b)(4)(B) because the firearm Petitioner possessed had an altered or obliterated serial number (PSR at 5). He received an additional four-level enhancement pursuant to U.S.S.G. § 2K2.1(b)(6) for possession of any firearm or ammunition in connection with another felony offense (PSR at 5). The PSR reflects that Petitioner received a reduction for acceptance of responsibility, which resulted in a two-level reduction (PSR at 6). The PSR determined that Petitioner's offense level was 20 and his criminal history category was II (PSR at 13). Based on these determinations, the PSR recommended an Advisory Guideline sentencing range from 37 months to 46 months. Id.

On May 24, 2011, Petitioner appeared before the assigned District Judge for sentencing (Cr. Doc. 36). Petitioner filed a sentencing memorandum requesting the Court take into consideration additional information in determining Petitioner's sentence (Cr. Doc. 25). Specifically, Petitioner asked the Court not to impose the eight (8) level enhancement

---

[1] The Plea Hearing was held on February 2, 2011 at 11:30 a.m. before a Federal Magistrate Judge. The recording was not transcribed but is available upon request.

recommended in the PSR for (1) partial obliteration of the serial number on the handgun found in Petitioner's possession at arrest and (2) claims of aggravated assault by the individuals who owed Petitioner money for labor performed (Cr. Doc. 25 at 5).   At the Sentencing Hearing, Petitioner also requested the additional one-level reduction for acceptance of responsibility (Tr. at 7).   The Court applied the one-level reduction and reduced the offense level to 19 which further reduced the guideline imprisonment range to 33 months to 41 months.   Then, the Court sentenced Petitioner to the low end of the range: 33 months (Tr at 12).

Petitioner appealed his conviction and sentence to the Tenth Circuit Court of Appeals claiming that the District Court erred in applying the four-level enhancement for possession of a firearm in connection with another felony offense.   United States v. Hernandez, 441 Fed. Appx 592 (10th Cir. 2011).   The Tenth Circuit concluded that Petitioner did not show that the sentencing court committed reversible error and affirmed Petitioner's sentence on September 18, 2011 (No. 11-2116, Doc. 41-1 at 15).

Petitioner filed his *pro se* Motion Under § 2255 To Vacate, Set Aside Or Correct A Sentence By A Person in Federal Custody on February 21, 2012 (Doc. 1).

## LEGAL STANDARD

A district court may grant relief under § 2255 if it determines that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack."
28 U.S.C. § 2255.   Petitioner must demonstrate that a defect in the proceedings resulted in "a complete miscarriage of justice."   Davis v. United States, 417 U.S. 333, 346 (1974).

To succeed on a claim of ineffective assistance of counsel, Petitioner must show: (1) that

counsel's performance fell below an objective standard of reasonableness as measured against prevailing professional norms. . ." and (2) that there is a reasonable probability that the outcome would have been different but for counsel's inadequate performance.  Sandoval v. Ulibarri, 548 F.3d 902, 909 (10th Cir. 2008) (*citing* Strickland v. Washington, 466 U.S. 668, 688, 694 (1984)). In order to satisfy the first Strickland prong, Petitioner must identify "acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment."  Strickland, 466 U.S. at 690.  Petitioner must demonstrate that his counsel's performance fell below an objective standard of reasonableness.  The Court determines "whether, in light of all the circumstances, the identified acts or omissions were outside the . . . range of professionally competent assistance." Id. There is a strong presumption that counsel rendered adequate assistance and exercised reasonable professional judgment.  Strickland, 466 U.S. at 688.  "Conclusory allegations are insufficient to support an ineffective assistance of counsel claim."  United States v. Fisher, 38 F.3d 1144, 1147 (10th Cir. 1994).

Finding prejudice under the second Strickland prong requires that the Petitioner demonstrate that his attorney's alleged deficient performance prejudiced the defense.  Strickland, 466 U.S. at 687.  In the context of asserting ineffective assistance of counsel for a plea agreement, Petitioner is required to show that "counsel's deficient performance affected the outcome of the plea process and there is a reasonable probability that but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  United States v. Clingman, 288 F.3d 1183, 1186 (10th Cir. 2002) (*citing*  Miller v. Champion, 262 F.3d 1066, 1072 (10th Cir. 2001), *cert. denied*, 534 U.S. 1140, 122 S.Ct. 1092, 151 L.Ed.2d 990 (2002)).

In applying the two-part Strickland test, a court may address the performance and prejudice components in any order.  Foster v. Ward, 182 F.3d 1177, 1184 (10th Cir. 1999) (*citing*

Strickland, 466 U.S. at 697); Boltz v. Mullin, 415 F.3d 1215, 1222 (10th Cir. 2005).   The Court need not address both components if the petitioner fails to make sufficient showing of either.   Id.

## ANALYSIS

Petitioner claims that he received ineffective assistance of counsel during the underlying criminal proceeding because (1) counsel failed to "properly research and/or investigate" Petitioner's prior criminal history, (2) counsel failed to advise him that his guilty plea would result in deportation, and (3) that his "prior history offenses were used to illegally and/or unconstitutionally enhance Petitioner's sentence" (Doc. 1 at 4).   He specifically claims that he should have received a three-level reduction for acceptance of responsibility instead of only one and the "six offense level" enhancement was unconstitutional.   For these reasons, Petitioner asks the Court to vacate his sentence and re-sentence him including a rehabilitation program (Doc. 1).

The Respondent asserts that Petitioner has not provided any facts or law to support his claims and that Petitioner's claims are conclusory at best.   Moreover, Respondent provides an affidavit from defense counsel that refutes Petitioner's allegations.   Respondent contends that the record corroborates defense counsel's affidavit.   Respondent therefore seeks denial of the Motion.

### I.
### Petitioner Does Not Substantiate His Claim That Defense Counsel Failed To Research Or Investigate Petitioner's Prior Criminal History.

Petitioner claims that his counsel failed to research or investigate his prior criminal history. However, Petitioner does not articulate what research or investigation should have been performed to determine or exclude his prior criminal history.   Petitioner also fails to demonstrate how counsel was ineffective in researching or investigating.   The PSR disclosed two prior convictions: (1) August 2002 Driving While Intoxicated ("August 2002 conviction") (PSR at 6) and (2) July 2003 Extreme Driving Under the Influence and Endangerment ("July 2003 conviction") (PSR at

7).   Petitioner was assessed one criminal history point for each conviction which resulted in the determination of his Criminal History Category II.   Moreover, Petitioner did not object to the inclusion of these two prior convictions in his PSR at the sentencing hearing.

Respondent argues that Petitioner "may not attack a facially valid prior conviction on collateral review" (Doc. 5 at 7), correctly citing United States v. Daniels, 532 U.S. 374, 121 S. Ct. 1578 (2001).   The Supreme Court set forth the general rule that the "presumption of validity that attached to the prior conviction at the time of sentencing is conclusive, and the defendant may not collaterally attack his prior conviction through a motion under § 2255."   Daniels, 532 U.S. at 382. The only exception to the general rule exists where the prior conviction was obtained in violation of the right to counsel. Daniels, 532 U.S. at 1583; Delacruz-Soto, 414 F.3d at 1165.

Petitioner does not argue that his sixth amendment right to representation was violated. The PSR reflects that Petitioner was represented by legal counsel for the August 2002 conviction and the July 2003 conviction (PSR at 7).   Defense counsel's affidavit further confirms that he and his legal staff investigated and researched the Petitioner's prior criminal history and conduct which counsel states, under oath, was discussed with the Petitioner on multiple occasions (Doc. 5-1 at 1-2).   Petitioner fails to demonstrate that his attorney was deficient in his performance thus affecting the outcome of the federal plea process.   Furthermore, Petitioner does not demonstrate that there is any reasonable probability that Petitioner would not have pled guilty or that he would have insisted on going to trial if his attorney had been effective in investigating Petitioner's criminal history.   Therefore, the Court concludes Petitioner's claim should be denied.

## II.
**Petitioner Has Not Shown That He Was Prejudiced By Counsel's Alleged Ineffective Assistance Regarding Immigration Consequences Of A Guilty Plea.**

Petitioner alleges that his counsel was ineffective because Petitioner was not advised of the

immigration consequences of pleading guilty (Doc. 1 at 4). Petitioner claims that he was not advised that he faced deportation for pleading guilty (Doc. 1 at 4). Defense counsel's affidavit states that he informed Petitioner repeatedly of the immigration consequences of his plea (Doc. 5-1). Respondent contends that since Petitioner is in the United States "illegally," which is noted by both the Tenth Circuit opinion (No. 11-2116) and the PSR (PSR at 4), it is irrelevant whether Petitioner pled guilty, was convicted or acquitted at trial because the immigration consequences would be the same: Petitioner would face removal proceedings and deportation (Doc 5 at 9).

At the Plea Hearing conducted February 2, 2011, at 11:30 a.m., Petitioner admitted that he was illegally present in the United States, and that he did not receive permission to enter the United States (PH 2/2/2011 at 11:41:15). The PSR indicates that at the time of arrest, "agents contacted Immigration and Customs Enforcement . . . [and] ICE placed an immigration detainer on Petitioner" (PSR at 4). During the sentencing hearing, the Court specifically noted "defendant, [ ] is an illegal alien in the United States" (Cr. Doc. 36 at 12). The Court also recommended that the "Immigration and Customs Enforcement begin removal proceedings during service of sentence." The Court informed the Petitioner of "the following special condition: The defendant must not reenter the United States without legal authorization" (Cr. Doc. 36 at 13). Given these facts it is difficult to believe that Petitioner remained ignorant that he would eventually be deported.

Petitioner makes conclusory allegations which are insufficient to support this claim for ineffective assistance of counsel. Fisher, 38 F.3d at 1147. Even if Petitioner was not advised by counsel of the immigration consequences, Petitioner fails to establish he suffered any prejudice as required by Strickland to prove ineffective assistance of counsel. Petitioner does not demonstrate that there was any prejudice suffered or how the outcome of the plea process was affected by counsel's alleged deficient performance because he would have faced deportation if acquitted,

convicted or pled guilty. The record reflects that Petitioner's sentence, 33 months, was significantly more favorable than the ten year sentence he faced under §§ 922(g)(5) and 924 (a)(2). Had Petitioner been convicted after a trial on the merits, he still would have had the ICE detainer to contend with and would have faced removal proceedings upon completion of his sentence. Therefore, immigration consequences would have been the same regardless of the outcome of his criminal case. The Court concludes that Petitioner's claim for ineffective assistance of counsel should be denied because he has not demonstrated any prejudice as required by Strickland.

### III.
### The Court Properly Applied The Sentencing Guidelines To Determine Petitioner's Sentence.

In Ground Two, Petitioner claims that the Court "illegally/unconstitutionally enhanced Petitioner's sentence" in accordance with United States v. Booker, 543 U.S. 220 (2005) (Doc. 1 at 5). First, Petitioner argues that the Court committed error in sentencing him by using his two prior convictions to place him in Criminal History Category II (Doc. 1 at 5). He claims that the crimes "did not fit the criteria to enhance Petitioner's base offense level and/or sentencing" (Doc. 1 at 5). He offers no evidence to support this allegation. Respondent correctly argues that Petitioner may not attack a facially valid prior conviction on collateral review. Daniels, 532 U.S. at 1583. Defense counsel's affidavit states that he investigated the prior convictions and underlying conduct and found no basis to dispute the application for calculating Petitioner's guideline range (Doc. 5-1 at 2). The Court concludes that there was no error committed in determining Petitioner's Criminal History Category.

Next, Petitioner challenges a "six point enhancement[]" as unconstitutional (Doc. 1 at 5). Not only is Petitioner's allegation vague, he is factually incorrect. Petitioner received two four-level enhancements, not a six-level enhancement (PSR at 5). He fails to identify any specific

facts supporting how and why the enhancement is unconstitutional.

Petitioner appealed to the Tenth Circuit Court of Appeals and claimed that the District Court "erroneously increased his offense level by four based on the PSR's conclusion that he had possessed a firearm in connection with another felony offense under U.S.S.G. 2K2.1(b)(6)" (Cr. Doc. 41-1 at 7). The Tenth Circuit considered Petitioner's arguments and affirmed his sentence which included two four-level enhancements. Id. Discontent with the Tenth Circuit's decision, Petitioner attempts to raises the same issue in the instant § 2255 Motion.

A § 2255 motion is not available to test the legality of a matter which should have been raised on direct appeal." United States v. Cox, 83 F.3d 336, 341 (10 Cir. 1996) (citing United States v. Frady, 456 U.S. 152, 167-68 (1982). On the other hand, the Court should not dismiss Defendant's motion without giving Defendant the opportunity to "affirmatively demonstrate cause and prejudice," United States v. Hernandez, 94 F.3d 606, 612 (10th Cir. 1996), in failing to raise his claims on direct appeal. "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent.'" Bousley v. United States, 523 U.S. 614, 622 (1998) (citations omitted). Petitioner does not demonstrate cause, actual prejudice or innocence. Therefore, he cannot raise his claim again challenging the enhancement of his sentence.

Finally, Petitioner contends that he was eligible for a three-point reduction for acceptance of responsibility but only received a one-point reduction (Doc. 1 at 5). Again the record directly contradicts this allegation. The PSR gave Petitioner a two-level downward departure for acceptance of responsibility but withheld the additional one-level reduction. At sentencing, Petitioner's attorney successfully argued that Petitioner was entitled to the entire three-level

downward departure.  As stated previously, the Court applied the three-level downward departure for acceptance of responsibility, adjusted Petitioner's offense level from 20 to 19, which reduced the guideline imprisonment range to 33 to 41 months.  Then the Court sentenced Petitioner to 33 months incarceration.  Petitioner's claim that he did not receive the three-level reduction for acceptance of responsibility is without merit.

The Court, therefore, concludes that Petitioner's claims in Ground Two should be denied.

### REQUEST FOR EVIDENTIARY HEARING

Petitioner requests an evidentiary hearing "including any postsentencing rehabilitation relief warranted pursuant to the new Pepper case" (Doc. 1 at 13).  The Court assumes that Petitioner cites to Pepper v. United States, 131 S.Ct. 1229 (2011) which decided issues involving resentencing after a defendant's sentence had been set aside on appeal.  The decision in Pepper is inapplicable to Petitioner's request for an evidentiary hearing.

"District courts are not required to hold evidentiary hearings in collateral attacks without a firm idea of what the testimony will encompass and how it will support a movant's claim."  U.S. v. Cervini, 379 F.3d 987, 994 (10th Cir. 2004).  "The purpose of an evidentiary hearing is to resolve conflicting evidence."  Hooks v. Workman, 606 F.3d 715, 731 (10th Cir. 2010) (citing Anderson v. Attorney General of Kansas, 425 F.3d 853, 860 (10th Cir. 2005)).  Petitioner has not demonstrated that any conflicting evidence exists.  In light of the record and relevant authorities, an evidentiary hearing is not required nor would a hearing materially assist the Court in recommending a disposition.

## **RECOMMENDED DISPOSITION**

The Court concludes that Petitioner is not entitled to any relief with respect to the claims raised in his § 2255 motion.  Therefore, the Court recommends that Petitioner's motion (Doc. 1) be DENIED and that this civil proceeding be DISMISSED WITH PREJUDICE in its entirety.

Within fourteen (14) days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant 28 U.S.C. § 636(b)(1), file written objections to these proposed findings and recommended disposition.  A party must file any objections with the clerk of the district court within the fourteen (14) day period allowed if that party would like to have appellate review of the proposed findings and recommendations.  If objections are not filed, appellate review will not be allowed.

_____
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE